IN THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                               NO.
PD-0743-05



 

 

                                               RAYMUNDO JUAREZ, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                   ON APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

                                     FROM
THE EIGHTH COURT OF APPEALS

                                                            EL PASO COUNTY



 

Johnson,
J., delivered the opinion of the Court in which Meyers, Price,
Womack,  Keasler, Holcomb, and
Cochran, JJ., joined.  Keller,
P.J., and Hervey, J., concurred in the result.

 

                                                                  O
P I N I O N 








­            A
five-count indictment returned in 1999 charged appellant with indecency with a
child pursuant to Tex. Penal Code
' 21.11.[1]  Appellant waived his right to a jury trial
and plead guilty to four counts of indecency with a child.  The trial court sentenced him to two years= confinement in the Texas Department of
Criminal JusticeBCorrectional
Institutions Division (TDCJBCID).  

As
a sex offender, upon his release in 2000 appellant was required to register
with the Department of Public Safety pursuant to Tex. Code Crim. Proc. art. 62.02,[2]
and he did so.   He was also required to
verify his initial registration and current address with his local
law-enforcement agency, the El Paso Police Department, within seven days of his
release.  He failed to do so.  

The
grand jury indicted appellant for failing to register as a sex offender in
violation of Tex. Code Crim. Proc.
art. 62.10.[3]  Appellant requested a jury trial, but filed a
written election of sentencing by the trial court. 








The
state presented evidence at the guilt phase of trial that the conditions of
appellant=s release
required him to verify his contact information with law-enforcement officials
every ninety days for the rest of his life and that he failed to satisfy that
obligation for approximately two years. 
The jury convicted appellant of failing to register as a sex offender,
and the judge sentenced him to fifteen years=
imprisonment in TDCJ-CID, a term allowable only under Article 62.10(b)(3).

Appellant
appealed, asserting that the trial court erred in  sentencing him within the range of a
second-degree felony because the jury was not given the opportunity to decide
whether the Aenhancement@ allegations contained in Tex. Code Crim. Proc. art. 62.10(b)(3)
were true.

The
court of appeals, relying on Johnson v. State[4]
and Apprendi v. New Jersey,[5]
found that  the evidence was
factually sufficient to support appellant=s
conviction.  The court of appeals also
concluded that charging appellant with a second-degree felony under Article
62.10(b)(3) did not violate Apprendi because Article 62.10(b) sets out
independent chargeable offenses, not enhanced penalties, and appellant was
punished within the appropriate statutory punishment range.  We affirm the judgment of the court of appeals.

 Enhancement versus Element








Appellant
asserts in his sole ground for review[6]
that the court of appeals misapplied the United States Supreme Court=s holding in Apprendi and that
the jury never found, beyond a reasonable doubt, the facts that established
that appellant=s failure
to register constituted a second-degree felony.[7]


Under
appellant=s interpretation
of Tex. Code Crim. Proc. art.
62.10, the court of appeals=s
decision is contra to the holding in Apprendi because the jury never
found, beyond a reasonable doubt, the facts that establish that appellant=s failure to register is a
second-degree felony.  In particular,
appellant suggests that subsections (a) and (b)(1) of Article 62.10 define the
elements of the failure to register offense and make a state-jail felony the baseline
punishment, while subsections (b)(2) and (b)(3) serve as enhancement elements
that must be submitted to the jury and proven beyond a reasonable doubt.   

Generally,
courts interpret a statute according to its plain language.  Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991).  In Texas, an
element of an offense is defined as the Aforbidden
conduct, the required culpability, any required result, and the negation of any
exception to the offense.@
Tex. Penal Code '1.07(a)(22).  The elements of an offense must be charged in
the indictment, submitted to a jury, and proven by the state beyond a
reasonable doubt. Jones v. United States, 526 U.S. 227, 232
(1999)(citing In re Winship, 397 U.S. 358 (1970)).       








The
plain language of Tex. Code Crim. Proc.
art. 62.10(a) defines the basic elements of the 
felony, while subsection (b) sets forth the elements that determine the degree
of felony.   Specifically, Article
62.10(a) provides that  a person commits
an offense if that person is required to register and fails to comply with any
other requirement of Chapter 62.  Article
62.10(b) sets out other elements, and its language indicates that the
legislature based  its choice of penalty
range on the nature of the underlying Areportable
conviction@: the
more serious the original sexual offense, the more serious the penalty for
failure to register. 

Which
subsection of Article 62.10(b) applies to a given defendant depends on the
nature of the underlying Areportable
conviction.@  Tex. Code
Crim. Proc. art. 62.12(a) 
enumerates reportable convictions that require an offender to register
for life, while Article  62.12(b) governs
offenders who must report for ten years from a given date.  Tex.
Code Crim. Proc. art. 62.06 governs how frequently an offender who is
subject to lifetime registration must report. 
Article 62.10(b)(1) applies to a person who must register for only ten
years from a given event, subsection (b)(2) applies to a person who must register
for life, but must verify registration only once each year, and subsection
(b)(3) applies to a person who must register for life, but must verify
registration at least once every 90 days.[8]

The
duty to verify is based neither on the number of prior  convictions, as in Tex. Penal Code '
12.42 (Penalties for Repeat and Habitual Felony Offenders), nor on the amount
of some item, as in the statutes that govern theft and possession of controlled
substances.  Rather, the statute
concerning failure to register is similar to the burglary statute, Tex. Penal Code '
30.02, which sets out the basic elements of burglary, e.g., entry without
consent, and then sets out, in separate subsections, additional elements of
burglary that determine what degree of felony shall be charged, e.g., the entry
was into a habitation.  We hold that the
subsections of Tex. Code Crim. Proc.
art. 62.10(b) describe separate offenses and are not enhancement provisions. 








The Apprendi Claim

In Apprendi, the United States Supreme
Court examined the validity of a hate-crime statute that allowed for an
increased sentence if the trial judge determined, by a preponderance of the
evidence, that the defendant committed the crime with the intent to intimidate
a person or group of persons because of their race, color, gender, handicap,
religion, sexual orientation, or ethnicity.[9]
Apprendi, 530 U.S. at 490.  The
Court determined that the statute was unconstitutional and held that, other
than the fact of a prior conviction, any fact that increases the penalty
for a crime beyond the prescribed statutory maximum must be submitted to a jury
and proven beyond a reasonable doubt. Id. at 491.

In
the instant case, both the state and appellant=s
counsel concede that appellant has a reportable conviction for indecency with a
child under Tex. Penal Code ' 21.11(a)  and that appellant was required to register
as a sex offender pursuant to Tex. Code
Crim. Proc. art. 62.02(a).  The
state presented evidence at the guilt phase, both through live testimony from
TDCJ officials and by the contents of State=s
Exhibit 3 and Defense Exhibit 2,[10]
that as part of his registration obligations, appellant was required to verify
his whereabouts within seven days after his release from prison and continue to
update this information with local law-enforcement officials every ninety days
for the rest of his life.[11]









             Once the state has proved beyond a reasonable
doubt at the guilt phase that a defendant had a reportable conviction and that,
as a result of that conviction, he must verify his registration every 90 days
for the remainder of his life, the elements that make the failure to register a
second-degree felony are satisfied.  The
jury in this case so found.[12]  The trial court was thereby authorized,
without any further fact-finding,[13]
to assess a sentence within the range of a second-degree felony. Tex. Penal Code '
12.33(a).  Appellant was sentenced to
fifteen years=
imprisonment, a term well within the statutory punishment range for a
second-degree felony, thus the principles set out in Apprendi were not
violated.  

            We
affirm the judgment of the court of appeals.

En banc

Delivered: March
22, 2006

Publish             











[1] The record shows that appellant plead guilty to one
count of indecency with a child denoted as a second-degree felony, and three
counts of indecency with a child denoted as third-degree felonies.  The Texas Department of Public Safety=s Sex Offender Database indicates that appellant was
convicted of indecency with a child by contact under  Tex.
Penal Code ' 21.11(a)(1), which is a second-degree felony pursuant
to Tex. Penal Code ' 21.11(d).

 





[2] Art. 62.02 Registration

(a)
A person who has a reportable conviction . . . shall register . . ..

                  Art. 62.01 Definitions

* *
*

(5)
A reportable conviction . . . means a conviction . . ., regardless of the
pendency of an appeal, that is: (A) a conviction . . .  for violation of Section 21.11 (Indecency
with a child), . . ..  

 

As of September 1, 2005, Chapter 62 of the Texas Code
of Criminal Procedure was re-codified and the registration and verification
requirements are now contained in Arts. 62.051-62.054.





[3]
Art. 62.10 
Failure to Comply with Registration Requirements

(a)
A person commits an offense if the person is required to register and fails to
comply with any requirement of this chapter:

(b)
An offense under this article is:

* *
*

      (3) a
felony of the second degree if the actor is a person whose duty to register
expires under Article 62.12(a) and who is required to verify registration once
each 90-day period under 62.06.

  Art. 62.12 Expiration of Duty to Register

(a)
The duty to register for a person ends when the person dies if the person has a
reportable conviction . . . for:

   (1) a sexually violent offense; . . ..

  Art. 62.01 Definitions

* *
*

(6)
ASexually violent offense@ means
any of the following offenses committed by a person 17 years of age or older:

     (A) an offense under Section 21.11(a)(1)
(Indecency with a child), . . ..  

 

Under the re-codification, general penalties for
non-compliance, including the failure to register, are now contained in Art.
62.102.





[4]
23 S.W.3d 1 (Tex. Crim. App. 2000).





[5]
530 U.S. 466 (2000).





[6]
AWhether the court of appeals erred, under the landmark
case of Apprendi, by determining that the trial court was cloaked with
the authority to make a factual determination reference [sic] the sex
offender registration statute, thereby allowing an enhanced punishment.@





[7] The indictment alleged only a reportable offense
under Tex. Penal Code ' 21.11(a).  The
much preferred procedure is to plead the specific subsection in the indictment,
especially when, as here, the status of the reportable offense as one that may
fall under the 90-day reporting requirement is less than clear unless the
subsection is plead.  The pleading of the
subsection would then carry over into the jury charge and verdict forms, and
there could be no dispute as to whether the jury had made all required
findings. 

 





[8] Because appellant=s most
serious reportable conviction is pursuant to Tex.
Penal Code ' 21.11(a)(1), Tex.
Code Crim. Proc. art. 62.12(a) requires him register for life.





[9] Apprendi addressed increased punishment
assessed by a trial court after Apprendi plead guilty to the trial court
pursuant to a plea agreement.  





[10]  The jury
heard, during the guilt phase, all of the evidence that was used by the state
to prove that the offense was a second-degree felony and is described by
appellant in his brief to this Court as proof of enhancement allegations.





[11] There appears to be a discrepancy between the
evidence and the trial court=s judgment and sentence.  At the time appellant committed the
reportable offense, the pertinent portions of Article 62.06(a) were newly
amended, with two versions having been enacted by the legislature during the
1999 session.   The words changed, but
the essence did not; both versions indicate that persons who have two prior
proven allegations of a sexually violent offense must report at least every 90
days.  In both versions, a person who has
fewer than two prior proven allegations of a sexually violent offense must
report at least once a year.  The
appellate record contains State=s Exhibit 1, which comprises copies of four judgments
on pleas of guilty to the court.  The
single indictment that gave rise to the judgments contained four counts.  Count one alleged indecency with a child, a
second-degree felony.  This offense is
commonly known as indecency by contact, and is defined in Article 62.01(6)(A)
as a sexually violent offense.  Counts
two, three, and four alleged indecency with a child, a third-degree
felony.  This offense is commonly known
as indecency by exposure and is not included within the definition of a
sexually violent offense.  It therefore
appears from the record that appellant Ahas for
a sexually violent offense been convicted@ only
one time and must report once a year, not every 90 days.  The record does not reveal whether appellant
has additional reportable convictions.  





[12] The specific subsection of Article 62.10(b) that
makes failure to register punishable as a second-degree felony requires a
showing that the offense falls under the provisions of Tex. Code Crim. Proc. art. 62.12(a).  In this case, the relevant subsection of
Article 62.12(a) applies if the reportable offense is  sexually violent.  The jury had before it State=s Exhibit 1: four judgments from a single indictmentCthree judgments for indecency with a child (a
third-degree felony) and one judgment for indecency with a child (a
second-degree felony and a sexually violent offense).  A rational jury could not have found
appellant guilty as alleged in the indictment without finding that at least one
of those judgments was sufficiently connected to appellant so as to support a
finding that he had a reportable conviction. There is no indication in the
record that, in finding that appellant had a reportable conviction, the jury
found that appellant had been convicted of one or more of the third-degree
felony counts, but not of the second-degree count within the same indictment.   





[13] Even if, arguendo, the trial court had made an
additional finding of fact, it would have been allowed under Apprendi because
it would have been the fact of a prior conviction.  See Apprendi at 491.